Filed 6/30/22  P. v. Sparrow CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D079466 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD280097) |
| DONTE RALPHAEL SPARROW, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Remanded for resentencing.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Steve Oetting, and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

Following a prior appeal by defendant Donte Ralphael Sparrow, we ordered resentencing to permit the trial court to exercise its discretion under recent legislation whether to strike his five-year prior serious felony enhancement.  On remand, the trial court struck the enhancement but imposed the upper term on the assault count, resulting in a net three-year reduction in Sparrow's prison sentence.  Sparrow once again appeals, asserting the trial court violated his constitutional rights in imposing fines and fees without considering his ability to pay and that recent legislative amendments to the Determinate Sentencing Law (DSL) (Pen. Code, § 1170) again necessitate resentencing.[1]  Concluding resentencing is necessary in light of yet more new legislation (Stats. 2021, ch. 731, § 1.3 (Sen. Bill No. 567)), we need not consider Sparrow's remaining arguments.  We remand for a full resentencing hearing and otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

During a heated exchange with a stranger in a parking lot, Sparrow pulled out a box cutter and threatened to kill the victim.  Rejecting his claim of self-defense, a jury convicted him of assault with a deadly weapon (§ 245, subd. (a)(1), count 1) and making a criminal threat (§ 422, count 2).  Sparrow also admitted a prior serious felony conviction (§ 667, subd. (a)(1)) and strike prior (§ 667, subd. (b)−(i)).  At sentencing, the trial court imposed an aggregate 12-year term consisting of a three-year middle term on the assault count, doubled for the strike, five years for the prior serious felony conviction, and one year in a separate probation revocation case (SCD277002).  The seven-year sentence imposed on the criminal threat conviction in count 2 was stayed pursuant to section 654.  In Sparrow's first appeal, we remanded for

---

1      Unless otherwise specified, further statutory references are to the Penal Code.

resentencing to permit him to move to strike his five-year prior serious felony enhancement (commonly referred to as a "nickel prior") pursuant to recently enacted Senate Bill No. 1393 (Stats. 2018, ch. 1013). (*People v. Sparrow* (Aug. 18, 2020, D075887) [nonpub. opn.].)

Following remand, the court held a resentencing hearing in September 2021. It gave its tentative decision to strike the nickel prior "but impose the upper term on Count 1 for an aggregate sentence of nine years instead of 12 years." Both parties sought a different ruling. The People urged the court to deny Sparrow's motion to strike, asserting a 12-year sentence was appropriate given his actions and failure to accept responsibility. Defense counsel requested that the court simply strike the nickel prior and impose a seven-year aggregate sentence.

Adopting its tentative ruling, the court explained that a nine-year sentence was appropriate. It imposed the four-year upper term on count 1, doubled for the prior strike, finding "the aggravating factors outweigh the mitigating factors, in particular considering the fact that the defendant was on probation at the time of this offense, the violent conduct, as well as the other aggravating factors noted in the probation report." That report listed four aggravating factors: (1) Sparrow's violent conduct indicated a serious danger to society; (2) he had numerous prior convictions as an adult; (3) Sparrow was on probation at the time of the offense; and (4) Sparrow's prior performance on probation was unsatisfactory.[2]

On count 2, the court imposed but stayed under section 654 a seven-year prison sentence consisting of the three-year upper term, doubled for the

---

[2]    The final two circumstances overlapped—Sparrow's past performance on probation was unsatisfactory *because* he committed this offense while on probation.

prior strike, with one year added for the deadly weapon enhancement. Consistent with its tentative, the court exercised its discretion to strike the nickel prior, explaining that a nine-year sentence was adequate, Sparrow had made positive strides in prison, and the COVID-19 pandemic presented "extreme circumstances." Finally, the court imposed a one-year consecutive term on the separate probation revocation case (SCD277002), bringing Sparrow's aggregate prison sentence to nine years. He was required to pay a $7,800 restitution fine (§ 1202.4, subd. (b)), a suspended parole revocation fine in the same amount (§ 1202.45), an $80 court operations assessment (§ 1465.8), and a $60 immediate critical needs account fee (Gov. Code, § 70373).

## DISCUSSION

At the time Sparrow was resentenced in September 2021, the DSL gave the trial court broad discretion to select the appropriate term within a sentencing triad. (§ 1170, former subd. (b).) While his appeal was pending, the Legislature enacted Senate Bill No. 567, which amended section 1170, subdivision (b) to limit the situations in which an upper term could be imposed. (Stats. 2021, ch. 731, § 1.3.) Effective January 1, 2022, a court must "order imposition of a sentence not to exceed the middle term," except under narrow circumstances. (§ 1170, subd. (b)(1).) An upper term generally may be imposed "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id*., subd. (b)(2).) Nevertheless, subdivision (b)(3) of section 1170 permits a court to "consider the defendant's prior convictions in determining sentencing based on a

4

certified record of conviction without submitting the prior convictions to a jury."

Senate Bill No. 567 also amended the DSL to make the low-term sentence presumptively appropriate where any of certain specified circumstances was a "contributing factor in the commission of the offense." (§ 1170, subd. (b)(6).)[3]  As potentially relevant here, the DSL now presumptively requires a lower term where the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence" and that background "was a contributing factor in the commission of the offense."  (§ 1170, subd. (b)(6)(A)– (B).)  Even if the low term presumptively applies, the court may impose a higher sentence if it finds the aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice.  (*Id.*, subd. (b)(6).)

Because the judgment in his case is not yet final, Sparrow contends the Supreme Court's decision in *In re Estrada* (1965) 63 Cal.2d 740 entitles him to the retroactive application of the amended statute.  (*Id.* at p. 745.)  The People concede the revisions to section 1170, subdivision (b) apply retroactively, but nonetheless suggest resentencing is unnecessary because the trial court largely relied on Sparrow's criminal history to impose the

---

[3]    The parties cite Assembly Bill No. 124 (Stats. 2021, ch. 695, § 5.3) as adding subdivision (b)(6) to section 1170.  As recently explained in *People v. Jones* (2022) 79 Cal.App.5th 37, 44, fn. 11 (*Jones*), "it is Senate Bill 567 that added subdivision (b)(6) to the statute."  The two bills (along with a third) overlapped and were approved by the Governor on the same day.  "But because Senate Bill 567 was the last bill signed by the Governor and bears the highest chapter number, its amendments to section 1170 prevail over the amendments to that code section specified in the other two bills." (*Jones,* at p. 44, fn. 11.)

upper term and expressly found the aggravating circumstances outweighed the mitigating ones, suggesting it would not have imposed any presumptive lower term.

We agree with the parties that Sparrow is entitled to retroactive application of Senate Bill No. 567. (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 465.) Focusing solely on new language making the *lower term* presumptive in certain cases, we further conclude resentencing is necessary. In his presentence interview with the probation department, Sparrow said that his parents separated when he was seven years old. When he was twelve, his mother abandoned him. He was separated from five of his seven siblings and raised by his grandmother with one of his sisters. Sparrow recalled experiencing "constant mental and physical abuse during his childhood" and reported that his mother "suffered from mental health issues." He cites these facts to suggest there was evidence of qualifying childhood trauma supporting a presumptive lower term.

Further evidence was adduced at the original sentencing hearing. In his first sentencing brief, Sparrow reported suffering mental health issues as an adult stemming from feeling abandoned and unwanted by his parents during his formative years. He turned to drugs to cope, which led to his criminality. Although this background and tumultuous upbringing did not excuse his behavior, he maintained it helped explain *why* the incident happened. Sparrow told the court at his original sentencing that he was brought up to "fight it out" when problems arose. When the victim in this case did not want to fight him, he tried to walk away. But then the victim followed him, making Sparrow "explode[ ]."

For the presumptive lower term to apply, the court must determine whether a defendant has experienced eligible trauma, and whether such

6

trauma "was a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6)(A).) If both questions are answered in the affirmative, the statute presumptively requires the court to impose a lower term. (§ 1170, subd. (b)(6).) However, the court may impose a middle or upper term if it "finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (*Ibid.*)

Sparrow alleges that he suffered qualifying childhood trauma stemming from his mother's mental illness, neglect and abuse. During his prior sentencing hearings, the trial court had no statutory reason to make— and Sparrow had no reason to seek—a finding that he suffered childhood trauma which contributed to his commission of the offense. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 242 (*Banner*) [resentencing was necessary because "neither Banner nor the court had a meaningful incentive to assess whether mental illness was a limited but nonetheless 'contributing factor' in the crime"].) Although our record is limited, it could conceivably support such findings, triggering a presumptive lower term. We must accordingly remand the matter for resentencing. (See *Jones, supra,* 79 Cal.App.5th at pp. 44–45 [remand necessary based on defendant's statement in the probation report "that his father was charged with murdering his mother and that [he] dropped out of high school in 12th grade following her death"]; see also *Banner*, at p. 242.)

The People argue that remand is unnecessary where the trial court "specifically found that the aggravating circumstances outweighed the mitigating ones" and indicated a nine-year sentence was appropriate. They maintain that "the record demonstrates that the court would not sentence [Sparrow] to anything less than the term imposed." We disagree.

Defendants are entitled to sentencing decisions that reflect the court's informed discretion, and remand is appropriate unless the record *clearly* indicates that the trial court would have reached the same conclusion under the law as amended. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Here, there is no indication the court would have reached the same term had it found that the lower term was presumptively the proper one. Its weighing of aggravating and mitigating factors in a vacuum did not reflect an informed decision that imposing a presumptive lower term (to the extent it applied) would be contrary to the interests of justice. (§ 1170, subd. (b)(6).) And despite the upper terms imposed on counts 1 and 2, the court demonstrated leniency in striking Sparrow's nickel prior.

On this record, remand for resentencing is appropriate. We express no opinion as to whether Sparrow suffered qualifying childhood trauma, or whether it in fact contributed to his commission of the crime, or whether imposing the lower term would be contrary to the interests of justice. "Those are questions best left to the trial court to answer in the first instance." (*Banner, supra,* 77 Cal.App.5th at p. 242.) Moreover, we remand for a *full* resentencing hearing as to all counts, permitting the court to revisit all prior sentencing decisions. (*Jones, supra,* 79 Cal.App.5th at p. 44; see *People v. Valenzuela* (2019) 7 Cal.5th 415, 424−425; *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

Given our conclusion that a full resentencing hearing is necessary, we need not reach Sparrow's alternative arguments on appeal. Any challenge to the factors used to impose an upper term (see § 1170, subd. (b)(1)−(b)(3))—or his ability to pay applicable fines and fees (see *People v. Dueñas* (2019) 30 Cal.App.5th 1157) may be directed to the trial court in the first instance at resentencing.

DISPOSITION

The case is remanded for a full resentencing hearing.  In all other respects, the judgment is affirmed.


DATO, J.

WE CONCUR:


HALLER, Acting P. J.


AARON, J.